ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| LUNA RESIDENTIAL II LLC | | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan |
|---|---|---|
| Peticionarios | | |
| v. | **KLCE202401036** | |
| ANDRÉS CÓRDOVA PHELPS, NOEMÍ ROSADO FIGUEROA Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES | | Civil Núm.: K CD2015-2571 CONS. K CD2015-2640 |
| Recurrido | | Sobre: Cobro de Dinero; Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Bonilla Ortiz, el Juez Adames Soto y la Jueza Lebrón Nieves.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 7 de enero de 2025.

Comparece ante este foro Luna Residential II, LLC (en adelante, LUNA o "parte peticionaria") y solicita que revisemos una *Orden* emitida el 21 de junio de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 24 de junio de 2024. Mediante el referido dictamen, el foro primario ordenó a la parte peticionaria a proveer cierto documento al Sr. Andrés Córdova Phelps, la Sra. Noemí Rosado Figueroa y la Sociedad Legal de Bienes Gananciales (matrimonio Córdova-Rosado o "los recurridos"), como parte del descubrimiento de prueba.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** la expedición del auto de *certiorari*.

---

[1] Ver Orden Administrativa OATA-2024-102 del 27 de septiembre de 2024.

Número Identificador
RES2025 _____

**I.**

El 15 de octubre de 2021, LUNA presentó dos (2) demandas enmendadas (KCD2015-2571 y KCD2015-2640) sobre cobro de dinero y ejecución de hipoteca en contra del matrimonio Córdova-Rosado.[2] En la primera alegó que los recurridos incumplieron con el pago de la obligación, por lo que, responden al pago de $124,957.97 por concepto de principal, más intereses al tipo convenido y demás créditos accesorios, recargos por atraso $5,458.62, más $18,000.00 para costas, gastos y honorarios de abogado. Mientras que, en la segunda esbozó que éstos adeudaban la suma principal de $390,995.35, más intereses al tipo convenido y demás créditos accesorios, recargos por atraso de $9,921.57, más $48,000.00 para costas, gastos y honorarios de abogado.

El 27 de abril de 2022, el matrimonio Córdova-Rosado presentó su *Contestación a Demandas Enmendadas Consolidadas y Demanda contra Tercero*.[3] Como parte de sus defensas afirmativas plantearon la imposibilidad de ejecutar las hipotecas por no poder producir el pagaré original, y en la alternativa, pagaré extraviado. Finalmente, solicitaron que fuera autorizada la acción rescisoria bajo la Sección 2-306 de la *Ley de Instrumentos Negociables* y por el Artículo 1212 del Código Civil de 1930, en contra de LUNA.

Luego de varias incidencias procesales, el 9 de enero de 2024, los recurridos presentaron una *Moción en Solicitud de Calendarización del Descubrimiento de*

---

[2] *Demanda Enmendada*, págs. 1-17 del apéndice del recurso. Según surge del expediente, ambas demandas enmendadas habían sido consolidadas.
[3] *Contestación a Demandas Enmendadas Consolidadas y Demanda contra Tercero*, págs. 18-27 del apéndice del recurso.

*Prueba y Señalamiento de Vista Evidenciaria […].*[4] En esencia, sostuvieron que la parte peticionaria estaba obligada a contestar y producir en su totalidad el descubrimiento de prueba, el cual incluye los dos (2) contratos de cesión de crédito mediante el cual adquirió los pagarés hipotecarios en controversia. Alegaron que, celebrar una vista evidenciaria sin los documentos constituía un ejercicio defectuoso y parcializado.

El 19 de enero de 2024, el foro primario notificó una *Orden*, mediante la cual ordenó a que las partes iniciaran el descubrimiento de prueba.[5]

Posteriormente, el 9 de abril de 2024, el matrimonio Córdova-Rosado presentó una *Moción Informativa sobre Pliego Interrogatorio sobre Cesión y Negociación de Instrumentos Negociables*.[6] En esta, indicaron que, le remitieron un pliego de interrogatorio a LUNA, con el propósito de que produjeran los contratos de cesión de crédito y otros documentos e información, pertinentes a la determinación de si son tenedores de buena fe de los pagarés hipotecarios en controversia.

El 10 de junio de 2024, los recurridos presentaron una *Moción en Solicitud de Orden sobre Descubrimiento de Prueba Bajo la Regla 34 de las Reglas de Procedimiento Civil*.[7] Esbozaron que, le habían cursado a la parte

---

[4] *Solicitud de Calendarización del Descubrimiento de Prueba y Señalamiento de Vista Evidenciaria […]*, págs. 63-66 del apéndice del recurso.
El 5 de abril de 2023, este Foro notificó una *Sentencia* (KLCE202300207) mediante la cual le ordenó al foro primario a que brindara un breve término para el descubrimiento de prueba y celebrara una vista evidenciaria, con el propósito de adjudicar si la parte peticionaria es tenedora de buena fe de los pagarés hipotecarios en controversia.
[5] *Orden*, págs. 69-71 del apéndice del recurso.
[6] *Moción Informativa sobre Pliego Interrogatorio sobre Cesión y Negociación de Instrumentos Negociables*, págs. 79-85 del apéndice del recurso.
[7] *Moción en Solicitud de Orden sobre Descubrimiento de Prueba Bajo la Regla 34 de las Reglas de Procedimiento Civil*, págs. 126-127 del apéndice del recurso.

peticionaria un pliego de interrogatorios para que produjera, entre otros, los contratos de cesión de crédito intitulados "*Loan and Purchase & Sale and Interim Servicing Agreement, Non-Performing*". A su vez, indicaron que el 29 de mayo de 2024, LUNA notificó su contestación al interrogatorio. No obstante, sostuvieron que la parte peticionaria solamente planteó que los documentos estaban disponibles para su revisión, por lo que, no presentaron fotocopias bajo la teoría del privilegio evidenciario. Por ello, solicitaron que fueran entregados los documentos para que pudieran descargar su responsabilidad evidenciaria de probar la falta de buena fe de LUNA.

El 24 de junio de 2024, el foro primario notificó una *Orden,* mediante la cual ordenó a LUNA a que produjera a los recurridos la documentación solicitada, bajo apercibimiento de sanciones económicas.[8]

En la misma fecha, la parte peticionaria presentó *Réplica y/u Oposición a "Moción en Solicitud de Orden […]".*[9] En síntesis, alegaron que siempre les han hecho disponibles para su estudio e inspección los documentos solicitados. No obstante, también llegaron a invocar la protección de secreto comercial, debido a que, contienen información comercial de carácter confidencial. Asimismo, alegaron que los recurridos no lograron demostrar que tenían una necesidad sustancial para obtener copias de estos documentos.

De igual forma, presentaron una *Solicitud de Reconsideración.*[10] En esta, reiteraron que el matrimonio

---

[8] *Orden*, págs. 140-142 del apéndice del recurso.
[9] *Réplica y/u Oposición a "Moción en Solicitud de Orden […]"*, págs. 143-145 del apéndice del recurso.
[10] *Solicitud de Reconsideración*, págs. 146-147 del apéndice del recurso.

Córdova-Rosado no había probado que tenían una necesidad sustancial para ostentar copias propias de los aludidos documentos, cuando están cobijados por el privilegio de secreto comercial.

El 26 de agosto de 2024, el foro recurrido notificó una *Orden*, denegando la solicitud de reconsideración.[11]

Inconforme, el 25 de septiembre de 2024, la parte peticionaria sometió el recurso que nos ocupa y señaló la comisión del siguiente error:

> ERRÓ EL HONORABLE TPI AL ORDENAR LA PRODUCCIÓN DE DOCUMENTOS SOBRE LOS CUALES SE HABÍA INVOCADO OPORTUNAMENTE EL PRIVILEGIO DE SECRETO COMERCIAL, SIN CUMPLIR Y/O HACER CUMPLIR LA LEY PARA LA PROTECCIÓN DE SECRETOS COMERCIALES E INDUSTRIALES DE PUERTO RICO Y SU JURISPRUDENCIA.

El 23 de octubre de 2024, los recurridos presentaron su *Oposición a Petición de Certiorari*.

Evaluados los argumentos de ambas partes, disponemos del recurso que nos ocupa.

## II.

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil,[12] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones.[13] Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto. *Coop. Seguros Múltiples*

---

[11] *Orden*, págs. 153-154 del apéndice del recurso.
[12] 32 LPRA Ap. V, R. 52.1.
[13] 4 LPRA Ap. XXII-B, R.40.

*de PR v. Lugo,* 136 DPR 203, 208 (1994). Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *García v. Padró*, 165 DPR 324, 334-335 (2005); *Zorniak v. Cessna*, 132 DPR 170, 180 (1992). No obstante, la Regla 52.1, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> […] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[…]

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, señala los criterios que para ello debemos considerar. Éstos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**III.**

En el caso de autos, LUNA, en esencia, alega que incidió el foro primario al ordenar la producción de documentos sobre los cuales habían invocado el privilegio de secreto comercial.

Por su parte, los recurridos sostienen que la controversia sobre la producción evidenciaria de los contratos de cesión de créditos, ya fue adjudicada *inter alia* por este Foro, cuando ordenó la celebración de una vista evidenciaria para determinar si LUNA es un tenedor de buena fe. Alegan que, la vista evidenciaria no sería útil, ni cumpliría su propósito si "el documento principal que recoge la intención y voluntad contractual de las partes queda excluido bajo una teoría peregrina de privilegio evidenciario."

La controversia sobre la producción de documentos bajo el privilegio de secreto comercial cae bajo el ejercicio de la discreción del foro recurrido. Por consiguiente, nuestra intervención debe limitarse a considerar si procede la expedición de un recurso discrecional de *certiorari* bajo los criterios establecidos en la Regla 40 de nuestro Reglamento, *supra*.

Luego de evaluar el expediente y sopesados los criterios establecidos en la antes mencionada Regla, resolvemos que no está presente ninguno de los criterios allí enumerados de forma tal que nos sintamos compelidos a expedir el auto e interferir con lo resuelto.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el *certiorari* de epígrafe.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones